IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| JOSE (CHILAS) GODINEZ,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | **MEMORANDUM DECISION AND ORDER DENYING § 2255 MOTION**<br><br>Case No. 2:22-cv-577<br>(Related Case No. 2:19-cr-384)<br><br>Judge Clark Waddoups |

Petitioner Jose (Chilas) Godinez filed a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence.[1] Mr. Godinez asserts he received ineffective assistance of counsel because his counsel did not request the "court to depart below the range indicated by the Sentencing Guidelines where the defendant, is a deportable alien and faces the prospect of objectively more severe prison conditions than he would otherwise." Mot. to Reduce Sentence, at 4 (ECF No. 1). The court denies the motion.

I.   INEFFECTIVE ASSISTANCE OF COUNSEL

On June 23, 2021, Mr. Godinez pled guilty to Count 1 of the Second Superseding Indictment for Conspiracy to Distribute Methamphetamine equaling 500 grams or more. Minute Entry (ECF No. 282); Statement in Advance of Plea, ¶¶ 1, 10, 11(a) (ECF No. 283). The crime to which Mr. Godinez pled had a statutory minimum term of imprisonment of 10 years (120 months) and a maximum term of life imprisonment. Presentence Rpt., ¶ 67 (ECF No. 303). Under the

---

[1] The court docketed Mr. Godinez's motion on September 6, 2022, but the mailing envelope is dated September 1, 2022. Envelope (ECF No. 1-1). The court entered judgment against Mr. Godinez on September 2, 2021. Accordingly, Mr. Godinez's motion was filed timely.

Sentencing Guidelines, based on the total offense level and Mr. Godinez's criminal history category, the range was 121 months to 151 months. *Id.* ¶ 68.

Mr. Godinez, however, pled guilty pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, whereby the agreed term of imprisonment was 84 months. Statement in Advance of Plea, ¶ 11(b). In exchange for that plea, the United States also dismissed Count 2 of the Second Superseding Indictment, which charged Mr. Godinez with conspiring to distribute 100 grams or more of heroin. *Id.* ¶ 11(c); Second Superseding Indict., at 2–3 (ECF No. 112). On September 1, 2021, the court sentenced Mr. Godinez to 84-months imprisonment and entered the final judgment on September 2, 2021. Minute Entry (ECF No. 304); Judgment, at 2 (ECF No. 305). That term means Mr. Godinez was sentenced substantially below both the statutory minimum sentence and the Sentencing Guideline range. Accordingly, his assertion that he received ineffective assistance of counsel because his counsel did not argue that Mr. Godinez should be sentenced below the guideline range is contrary to law and facts.

Mr. Godinez further asserts he is subject to harsher conditions in prison than United States' citizens who receive more program opportunities, such as the Residential Drug Abuse Program for rehabilitation; home confinement; and halfway house placements, to help them reintegrate into society. Mem. in Supp., at 7–9 (ECF No. 2). According to Mr. Godinez, his counsel was ineffective because he did not argue the harsher conditions warranted a lower sentence than what Mr. Godinez received. *Id.* at 8. This argument has already been rejected by well-established caselaw in this circuit.

The Tenth Circuit Court of Appeals has held that a "request for a downward departure based on the 'collateral consequences' of [a defendant's] status as a deportable alien has been foreclosed" as an entitlement, and therefore, does not support § 2255 relief. *United States v.*

*Tamayo*, 162 F. App'x 813, 815 & n.2 (10th Cir. 2006) (citing *United States v. Mendoza-Lopez*, 7 F.3d 1483, 1487 (10th Cir. 1993), *impliedly overruled on other grounds by United States v. Fagan*, 162 F.3d 1280 (10th Cir. 1998); *United States v. Restrepo*, 999 F.2d 640 (2d Cir. 1993)); *see also United States v. Gutierrez*, 506 F. App'x 714, 722 (10th Cir. 2012) (stating the Tenth Circuit "has determined that deportable alien status is not a ground for departing downward").

## II.    EQUAL PROTECTION

Relatedly, Mr. Godinez asserts he is being denied equal protection because he does not have the same program opportunities that United States' citizens have. The Tenth Circuit has held that equal protection claims may not be brought under § 2255. Instead, they must be brought under 28 U.S.C. § 2241, and "in the district where the prisoner is confined," "because it concerns the *execution* of [the] sentence" versus the sentence itself. *Tamayo*, 162 F. App'x at 815 (emphasis in original) (citing *McIntosh v. United Sates Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997)). Mr. Godinez is confined in California; thus, this court lacks jurisdiction to consider his equal protection claim.

When a suit is filed in the wrong district, a trial court may cure the defect by transferring the case "under the federal transfer statute, 28 U.S.C. § 1631, which requires a court to transfer such an action if the transfer is in the interest of justice." *Id.* (quotations and citations omitted). A trial court, however, may "'consider the consequences of a transfer by taking a peek at the merits to avoid raising false hopes and wasting judicial resources that would result from transferring a case which is clearly doomed.'" *Id.* at 815–16 (quoting *Haugh v. Booker*, 210 F.3d 1147, 1149 (10th Cir. 2000)).

In *Tamayo*, the Tenth Circuit faced the same argument that Mr. Godinez presents in this case. Its "quick look" convinced the court that the argument was without merit. *Id.* at 816. This

is so because "'the federal government can treat aliens differently from citizens so long as the difference in treatment has a rational basis.'" *Id.* (alteration omitted) (quoting *Soskin v. Reinertson*, 353 F.3d 1242, 1254 (10th Cir. 2004); and then citing *Mathews v. Diaz*, 426 U.S. 67, 78–83 (1976)). Accordingly, this court concludes transfer of the equal protection claim is not warranted, and hereby dismisses that claim for lack of jurisdiction.

## III. CERTIFICATE OF APPEALABILITY

Having denied Mr. Godinez's § 2255 motion, the court must now determine whether a certificate of appealability should issue. "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Mr. Godinez has not met this requirement. The court therefore denies a certificate of appealability.

"When a court denies a certificate, a party may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22" to file an appeal. *Keele v. United States*, No. 2:23-cv-132-TC, 2023 WL 4548091, at *4 (D. Utah July 14, 2023) (citing Rule 11(a) of the Rules Governing Section 2255 Proceedings) (quotations and other citation omitted). The time period for doing so "is governed by Rule 4(a) of the Federal Rules of Appellate Procedure." *Id.* (citing Rule 11(b) of the Rules Governing Section 2255 Proceedings) (quotations and other citation omitted).

## CONCLUSION

For the reasons stated above, the court denies Mr. Godinez's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (ECF No. 1). The court further denies a certificate of appealability on the § 2255 motion, but it sets forth above that Mr. Godinez may seek a

certificate from the Tenth Circuit Court of Appeals for permission to appeal. As to Mr. Godinez's equal rights claim, that claim falls under 28 U.S.C. § 2241, and the court dismisses it for lack of jurisdiction. Mr. Godinez may appeal the dismissal of the equal rights claim without obtaining a certificate of appealability.

DATED this 20th day of October, 2023.

BY THE COURT:

_____
Clark Waddoups
United States District Court